```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

IN RE:  BRIAN RICHARD BRUBAKER and
CYNTHIA ANN BRUBAKER,

                    Debtors.
_____

BRIAN RICHARD BRUBAKER and CYNTHIA
ANN BRUBAKER,

                    Appellants,

vs.                                        Case No. 2:10-cv-358-FtM-29
                                                          Bankr. No. 9:09-bk-13722-ALP

DIANE L. JENSEN, TRUSTEE,

                    Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on an appeal from the Bankruptcy Court's April 1, 2010 Order Denying Debtors' Motion for Reconsideration of Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. #1-2).[1] Appellants filed an Initial Brief (Doc. #6), appellee filed a responsive Initial Brief (Doc. #8), and appellants filed a Reply Brief (Doc. #9).

Brian Richard Brubaker and Cynthia Ann Brubaker (collectively the Brubakers or Debtors) wrote checks totaling $513.00, which were not negotiated by the drawees prior to the filing of Debtors' June

---

[1] The Court will hereinafter cite documents filed with the District Court as "Doc." and documents filed in the Bankruptcy case as "Bankr. Doc." Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER.

26, 2009, Chapter 7 petition.  The Bankruptcy Court found that the checks were written "in the ordinary course" and Debtors were not acting in bad faith or with fraudulent intent.  (Doc. #1-2, p. 8.) A Chapter 7 trustee was appointed on June 29, 2009.  After the checks were negotiated, the Trustee requested and obtained a turnover order from the Bankruptcy Court directing the Debtors to pay the $513.00 to the bankruptcy estate.  The Debtors appeal the decision denying reconsideration of that order.

After examination of the briefs and record, the Court finds that the decisional process would not be significantly aided by oral argument, and the parties have not requested oral argument. For the reasons set forth below, the Court affirms the decision of the Bankruptcy Court.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error.  In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir.

1984)(citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)); <u>In re Walker</u>, 515 F.3d 1204, 1212 (11th Cir. 2008).

**II**.

The Court adopts the following undisputed facts and procedural history, as set forth in the Bankruptcy Court's Order denying reconsideration:

> On June 26, 2009, the Debtors filed their Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. On July 7, 2009, the Debtors filed their initial Schedule B indicating the sum of $513.00 was being held in a joint checking account (Doc. No. 12). However, the Debtors failed to claim any property as exempt on their Schedule C.  On July 10,2009, the Debtors filed their Amended Schedule C which included the $513.00 as exempt pursuant to Art. 10 § 4(a)(2) of the Florida Constitution and pursuant to Fla. Stat. §222.061 (Doc. No. 15). On July 14,2009, this Courted entered its Order Striking the Amendment since the Amendment failed to contain an appropriate proof of service in compliance with Fed. R. Bank. P. 1009(a) (Doc. No. 18). On August 5, 2009, the Debtors filed their Amended Schedules and complied with the requirements set forth in Fed. R. Bank. P. 1009(a) (Doc. No. 20).
>
> On August 19, 2009, Diane L. Jensen, the Chapter 7 Trustee (the Trustee), filed her Objection to Debtors' Claim of Exemptions (Doc. No. 25). The Trustee objected to the Debtors claim of exempt property consisting of everything listed on the Debtors' Amended Schedule C except for the Jaguar and the Debtors' IRAs. In her Objection the Trustee specifically objected to the Debtors' bank account totaling the sum of$5,862.38 as of the date of the filing, rather than the sum scheduled. The Trustee argue[d] that because the funds in question were still in the Debtors' bank account on the date they filed their Petition for Relief, the monies in the Debtors' bank account became property of the estate pursuant to Section 542 of the Bankruptcy Code as of the date filing date.

On September 9, 2009, the Debtors' filed Debtors' Response to Trustee's Objection to Claim of Exemption (Doc. No. 34). It is the Debtors' contention that they claimed the amount of $513.00 as exempt. The Debtors' contend that the Trustee's position that a debtor is responsible for checks honored by the bank after the date of the filing of a petition is unsupported. The Debtors' contend that the position of the Trustee is contrary to the position explained in the Debtors' Schedules. In support of their position, the Debtors in their Response to the Trustee's Objection rely on the case of In re Pyatt, 486 F.3d 423, (8th Cir. 2007). It is the Debtors position that the checks written pre-petition, but negotiated post-petition, should be deducted from the account balances and the Pyatt case is consistent with the following provisions of the Code, which is the authority for omitting checks which have been sent pre-petition. See In re Pyatt; 486 F.3d 423, 429 (8th Cir. 2007).

On October 1, 2009, the Debtors filed their Amended Schedule B and Schedule C (Doc. No. 39). On October 5, 2009, the Trustee filed Trustee's Objection to Debtor's Amended Claim of Exemption (Doc. No. 42). The Trustee in her Objection repeated her Objection to Debtors Claim of Exemption (Doc. No. 25), filed on August 19, 2009, to the extent that it is necessary to preserve the claims raised in her prior objection. On October 26, 2009, the Debtors filed Debtors' Response to Trustee's Objection to Amended Claim of Exemption (Doc. No. 45) which makes reference to the Debtors prior response filed on September 9, 2009 (Doc. No. 34). Based on the foregoing, the Debtors' request that this Court enter an order overruling the Trustee's Objection to their exemptions.

On February 5, 2010, at the duly scheduled and noticed hearing on the Trustee's Objections (Doc. Nos. 25 and 42), and the Debtors' Responses in Opposition to the Trustee's Objections (Doc. Nos. 34 and 45), this Court heard argument of the Trustee and counsel for the Debtors and determined that the money in the Debtors' bank account on the date the Debtors filed their Petition for Relief was property of the bankruptcy estate. On February 10, 2010, this Court entered its Order Sustaining the Trustee's Objection to Debtors' Claim of Exemption (Doc. No. 64). Based on this Court's Order Sustaining the Trustee's Objection, the Debtors filed the current Motion

for Reconsideration which is the current matter under consideration.

(Doc. #1-2, pp. 1-3.)  See also In re Brubaker, 426 B.R. 902 (Bankr. M.D. Fla. 2010).

On reconsideration, the Bankruptcy Court affirmed its prior decision.  The Bankruptcy Court found that the Debtors' interest in their bank account became property of the estate upon the filing of their Chapter 7 petition, and that as of that date the Debtors' had control over the funds as to which they had written checks to their creditors.  Based upon this, the Bankruptcy Court found that "once the Trustee established the balance in Debtors' checking account on the date they filed for bankruptcy, the Trustee would be entitled to turnover of nonexempt portion of such funds, with no reduction for checks which the Debtors had written pre-petition, but which had not cleared their account as of the commencement of the bankruptcy case."  (Doc. #1-2, pp. 8-9.)

### III.

Debtors argue that the Bankruptcy Court erred in ordering Debtors to "turn over" $513.00 they no longer possessed or controlled.  Debtors argue that the Bankruptcy Court's order: (1) imposed additional duties on the Debtors which are not specified by the Bankruptcy Code; (2) ignores statutory permission for pre-petition checks to be honored post-petition; and (3) ignores Eleventh Circuit precedent holding a debtor is not a proper party from whom to recover an avoidable transfer. (Doc. #6, pp. 3-7.)

**A.**

The threshold issue is whether the funds represented by the written and delivered, yet uncashed, checks became property of the bankruptcy estate as of the filing of the Chapter 7 petition. The Bankruptcy Court held that the funds were property of the Chapter 7 estate, and the Court agrees.

The filing of a petition under Chapter 7 of the Bankruptcy Code commences the bankruptcy case. In re Alvarez, 224 F.3d 1273, 1276 n.4 (11th Cir. 2000). The commencement of a bankruptcy case creates a bankruptcy estate, 11 U.S.C. § 541(a), which includes (with certain exceptions not applicable to this case) "all legal or equitable interests of the debtor in property as of the commencement of the case" "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). This bankruptcy estate is created at the moment the Chapter 7 petition is filed. Alvarez, 224 F.3d at 1277. Thus, "[u]pon a debtor's filing of a bankruptcy petition, his legal and equitable interests in property become the property of the bankruptcy estate." Old West Annuity & Life Ins. Co. v. Apollo Group, 605 F.3d 856, 862 (11th Cir. 2010)(citing 11 U.S.C. § 541(a)(1)).

"In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." Barnhill v. Johnson, 503 U.S. 393, 398 (1992). Barnhill held that the funds represented by a check are not transferred until the check is

honored by the bank. <u>Id.</u> at 399-400. Similarly, under Florida law the funds represented by a check remain in the drawer's possession and control, even after the check has been written and delivered to a drawee, until presentment of the check to the drawer's bank for payment. <u>Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.</u>, 982 So. 2d 628, 634-35 (Fla. 2008). Thus, Debtors had sufficient possession and control of the $513.00 as of the filing of the bankruptcy petition that the funds became the property of the bankruptcy estate the moment the petition was filed on June 26, 2009.

**B.**

In some sense, the second issue is essentially who has the responsibility to marshal the funds represented by such checks into the bankruptcy estate--the debtor or the trustee. More precisely, the issue is whether the Trustee can compel a debtor to turnover the value of property pursuant to 11 U.S.C. § 542(a), or must pursue others under the avoidance provisions of the Bankruptcy Code. Although the general principles are well settled, their application to this particular context has resulted in a hopeless split of authority. <u>Compare</u> <u>In re Pyatt</u>, 486 F.3d 423 (8th Cir. 2007), <u>with</u> <u>In re Bailey</u>, 380 B.R. 486 (B.A.P. 6th Cir. 2008).

As with any other property of the bankruptcy estate, the $513.00 immediately became subject to the control of the Chapter 7 bankruptcy trustee, as the legal representative of the bankruptcy

estate, to the exclusion of Debtors. "[A] bankruptcy trustee's rights in the debtor's property vest when the property becomes part of the bankruptcy estate," In re Raborn, 470 F.3d 1319, 1323 (11th Cir. 2006), and a debtor's ownership and control over the property are extinguished at the same time, Alvarez, 224 F.3d at 1277. Thus, the Trustee's rights in the $513.00 vested, and Debtors' rights in the $513.00 were extinguished, with the filing of the Chapter 7 petition on June 26, 2009. Raborn, 470 F.3d at 1323.

The rights which became vested in the Trustee were the same rights which had been possessed by Debtors the moment before they filed the Chapter 7 petition. "An elementary rule of bankruptcy . . . is that the [bankruptcy] trustee succeeds only to the title and rights in the property that the debtor possessed." In re Raborn, 470 F.3d at 1323 (internal citation and quotation marks omitted). Under Florida law, the Debtors could have attempted to stop payment on the checks prior to filing the bankruptcy petition. Fla. Stat. § 674.403(1); Arnold, Matheny, & Eagan, 982 So. 2d at 634-35. Accordingly, after the June 26, 2009 filing, the Trustee (but not the Debtors) could have attempted to stop payment on the checks, if done in a timely fashion. Additionally, a trustee has the ability to avoid both pre-petition and post-petition transfers if certain requirements are satisfied. E.g., 11 U.S.C. §§ 544(a), 547(b), 549(a). If such transfers are avoided by the trustee, recovery is provided pursuant to Title 11, United States Code, Section 550.

In this case, the Bankruptcy Court did not avoid a transfer.[2] The Trustee took no steps to stop payment on the checks[3], but rather sought a turnover of the value of the funds from Debtors after the checks had been cashed. Debtors question the authority to compel such a "turnover," particularly in light of the Bankruptcy Court's findings that the checks were written in the ordinary course and that Debtors were not acting in bad faith or with fraudulent intent.

Debtors are required to cooperate with the trustee, 11 U.S.C. § 521(a)(3), and to surrender all non-exempt property of the estate to the bankruptcy trustee. 11 U.S.C. § 521(a)(3), (4); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002)("What is clear is that in order to gain the benefits of the bankruptcy laws, the debtor must first surrender his non-exempt property for the benefit of his creditors.") Additionally, with certain exceptions not applicable to this case, "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or

---

[2] For this reason, debtors' reliance on In re Coggin, 30 F.3d 1443 (11th Cir. 1994), overruled in part on other grounds, Kontrick v. Ryan, 540 U.S. 443, 452 (2004), is misplaced.

[3] Although unclear from the record, it was probably too late to do so after the appointment.

benefit to the estate." 11 U.S.C. § 542(a). Here, the Bankruptcy Court ordered the turnover of the value of the uncashed checks as of the date of the filing of the petition. This provision is generally utilized to obtain the turnover of property in the possession of a third party, In re Kalter, 292 F.3d 1350, 1352 (11th Cir. 2002); In re Empire for Him, Inc., 1 F.3d 1156, 1160 (11th Cir. 1993), but is not limited to third parties. A turnover of property may be obtained from "an entity" so long as it is "other than a custodian." Debtors were not "custodians" within the meaning of 11 U.S.C. § 101(11), and therefore may be ordered to turn over property of the bankruptcy estate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Bankruptcy Court's Order Denying Debtors' Motion for Reconsideration of Order Sustaining Trustee's Objection to Amended Claim of Exemption (Doc. #1-2) and Order Sustaining Re: Trustee's Objection to Claim of Exemption (Doc. #1-3) are **affirmed**. The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of January, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Clerk, U.S. Bankruptcy Court
Hon. Alexander L. Paskay
Counsel of record